RECEIVED

APR 2 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

C08 - 2005 - PJH
4-19-08

To The Clerk of the Court.

I apolgize for not sending 3 copies the first time. I didn't understand the rule. Heres 2 more copies with the 1 I sent already. Thank you for understanding and I sincerly apolgize.

E-filing

Marlon Morris

1  PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2  Name ___MORRIS_____MARLON_____
         (Last)      (First)      (Initial)

3  Prisoner Number ___P-96526_____

4  Institutional Address CSP-SACRAMENTO

5  P.O. Box 290066, Represa, CA 95671-0066

**FILED**

APR 1 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6  ================================================
   UNITED STATES DISTRICT COURT
7  NORTHERN DISTRICT OF CALIFORNIA

8  MARLON MORRIS,
   (Enter the full name of plaintiff in this action.)

**CV 08 2005**

9

10          vs.

Case No. _____
(To be provided by the clerk of court)

11  J. WALKER, Warden, et al.

**PETITION FOR A WRIT
OF HABEAS CORPUS**

12

13

**PJH
(PR)**

**E-filing**

14  (Enter the full name of respondent(s) or jailor in this action)

15  ================================================

16      Read Comments Carefully Before Filling In

17  When and Where to File

18      You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23      If you are challenging your conviction or sentence and you were not convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).

1    <u>Who to Name as Respondent</u>

2         You must name the person in whose actual custody you are. This usually means the Warden or

3    jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4    you are imprisoned or by whom you were convicted and sentenced. These are not proper

5    respondents.

6         If you are not presently in custody pursuant to the state judgment against which you seek relief

7    but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8    custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9    was entered.

10   A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11        1. What sentence are you challenging in this petition?

12             (a)   Name and location of court that imposed sentence (for example; Alameda

13                   County Superior Court, Oakland):

14        SUPERIOR COURT              COUNTY OF SAN FRANCISCO

15             Court                              Location

16             (b)   Case number, if known __Sup. #175064__

17             (c)   Date and terms of sentence _October 6, 2000_

18             (d)   Are you now in custody serving this term? (Custody means being in jail, on

19                   parole or probation, etc.)        Yes _x_     No _____

20                   Where?

21                   Name of Institution: CSP-SACRAMENTO, Represa, CA 95671.

22                   Address: _P.O. Box 290066, Represa, CA 95671._

23        2. For what crime were you given this sentence? (If your petition challenges a sentence for

24   more than one crime, list each crime separately using Penal Code numbers if known. If you are

25   challenging more than one sentence, you should file a different petition for each sentence.)

26   Please _see attached petition exhausted in State Court_

27   Exhibit A.

28

PET. FOR WRIT OF HAB. CORPUS          - 2 -

3. Did you have any of the following?

    Arraignment:                 Yes __x__    No _____

    Preliminary Hearing:        Yes __x__    No _____

    Motion to Suppress:        Yes _____    No _____

4. How did you plead?

    Guilty _____    Not Guilty __x__    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury __x__    Judge alone_____    Judge alone on a transcript _____

6. Did you testify at your trial?        Yes _____    No _____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment        Yes __x__    No _____

    (b)    Preliminary hearing    Yes __x__    No _____

    (c)    Time of plea        Yes _____    No _____

    (d)    Trial             Yes __x__    No _____

    (e)    Sentencing        Yes __x__    No _____

    (f)    Appeal          Yes _____    No _____

    (g)    Other post-conviction proceeding    Yes _____    No _____

8. Did you appeal your conviction?        Yes _____    No _____

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal        Yes _____    No _____

        Year: _____    Result:_____

        Supreme Court of California    Yes _____    No _____

        Year: _____    Result:_____

        Any other court        Yes _____    No _____

        Year: _____    Result:_____

    (b)    If appealed, were the grounds the same as those that you are raising in this

1    petition?                                              Yes _____    No _____

2    (c)    Was there an opinion?                           Yes _____    No _____

3    (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                           Yes _____    No _____

5    If you did, give the name of the court and the result:

6    _____

7    _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?        Yes  x    No  x

10        [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition.  You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28

15   U.S.C. §§ 2244(b).]

16   (a)    If you sought relief in any proceeding other than an appeal, answer the following

17          questions for each proceeding.  Attach extra paper if you need more space.

18          I.    Name of Court: Supreme Court _____

19                Type of Proceeding: _Petitioner for Writ of Hbaeas Corpus_

20                Grounds raised (Be brief but specific):

21                a._See pages 6 and 6.1 attached hereto._____

22                b._See Order from supreme court denying relief next page._

23                c._____

24                d._____

25                Result: __denied_____Date of Result:_3/12/08_

26          II.   Name of Court: _____

27                Type of Proceeding: _____

28                Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS            - 4 -

1       a._____

2       b._____

3       c._____

4       d._____

5       Result: _____ Date of Result:_____

6   III.  Name of Court: _____

7       Type of Proceeding: _____

8       Grounds raised (Be brief but specific):

9       a._____

10      b._____

11      c._____

12      d._____

13      Result: _____ Date of Result:_____

14  IV.   Name of Court: _____

15      Type of Proceeding: _____

16      Grounds raised (Be brief but specific):

17      a._____

18      b._____

19      c._____

20      d._____

21      Result: _____ Date of Result:_____

22  (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                          Yes _____    No __x__

24      Name and location of court: _____

25  B. GROUNDS FOR RELIEF

26      State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1  need more space.  Answer the same questions for each claim.

2  　　　[Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3  petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  　　　Claim One:  PETITIONER CONTENDS THAT THE STATE COURTS HAS DEPRIVED

6  HIM OF THE RIGHT TO BE RESENTENCED PURSUANT TO THE U.S. SUPREME COURT'S

7  (See next page 6.1 )     See attached exhausted petition from state courts
　　　　　Supporting Facts:

8  _____

9  _____

10 _____

11 　　　Claim Two:_____

12 _____

13 　　　Supporting Facts:_____

14 _____

15 _____

16 _____

17 　　　Claim Three:_____

18 _____

19 　　　Supporting Facts:_____

20 _____

21 _____

22 _____

23 　　　If any of these grounds was not previously presented to any other court, state briefly which

24 grounds were not presented and why:

25 _____

26 _____

27 _____

28 _____

PET. FOR WRIT OF HAB. CORPUS　　　　- 6 -

RULING THAT CALIFORNIA'S (DSL) IS UNCONSTITUTIONAL, THE STATE COURTS
HAVE VIOLATED THE FEDERAL CONSTITUION'S FOURTEENTH AMENDMENT BE
REFUSING TO RESENTENCE PETITIONER TO THE TERM.

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3  of these cases:

   Cunningham v. California, 549 U.S. ___ (2007); Blakley v. Washinton,

4

   542 U.S. 296 (June 24, 2004); and Appendi v. New Jersey, 530 U.S.

5

   466 (June 26, 2000). See page #3 of attached petition to Court of

6     ΑAppeal.

Do you have an attorney for this petition?                    Yes_____    No_ x_

7

8  If you do, give the name and address of your attorney:

9  _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on ___4-20-08___          _Marben Meo_____

14              Date                              Signature of Petitioner

15

16

17

18

19

20  (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

S156650

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re MARLON MORRIS on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

**SUPREME COURT**
**FILED**

MAR 1 2 2008

Frederick K. Ohlrich Clerk

---

Deputy

Moreno, J., was absent and did not participate.

GEORGE

---

Chief Justice

MC–275

Name MARLON MORRIS

Address CSP–SACRAMENTO

P.O. Box 290066

Represa, CA 95671–0066

CDC or ID Number P–96526

SUPREME COURT

STATE OF CALIFORNIA

PETITION FOR WRIT OF HABEAS CORPUS

MARLON MORRIS
Petitioner
                              vs.

ON HABEAS CORPUS
Respondent

No. _____
     *(To be supplied by the Clerk of the Court)*
(Petitioner relies on P.C. § 1258)

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 at seq.;
Cal. Rules of Court, rule 8.380
*www.courtinfo.ca.gov*
American LegalNet, Inc.
www.FormsWorkflow.com

MC–275

**This petition concerns:**

☐ A conviction      ☐ Parole

☒ A sentence      ☐ Credits

☐ Jail or prison conditions      ☐ Prison discipline

☐ Other *(specify):* _____

1. Your name: MARLON MORRIS

2. Where are you incarcerated? CSP-SACRAMENTO, NEW FOLSOM, Represa, CA 95671-0066

3. Why are you in custody? ☒ Criminal Conviction  ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   (See attached Petition, (Superior Court No. 175064), (Court of Appeal No. A118974) listed as exhibit A.))

b. Penal or other code sections: _____

c. Name and location of sentencing or committing court: _____

d. Case number: _____

e. Date convicted or committed: _____

f. Date sentenced: _____

g. Length of sentence: _____

h. When do you expect to be released? _____

i. Were you represented by counsel in the trial court? ☒ Yes.  ☐ No. If yes, state the attorney's name and address:

  _____

  _____

4. What was the LAST plea you entered? *(check one)*

☒ Not guilty  ☐ Guilty  ☐ Nolo Contendere  ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☒ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

6. GROUNDS FOR RELIEF                                                                                                    MC-275

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

(See attached Petition exhibit A)

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

(See Petition exhibit A)

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

"

7. Ground 2 or Ground _____ (if applicable):                                                    MC–275

_____

_____

_____

_____

a. Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b. Supporting cases, rules, or other authority:

_____

_____

_____

_____

_____

MC–275

8. Did you appeal from the conviction, sentence, or commitment?    ☐ Yes.    ☐ No.  If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
_(See attached Petition exhibit A)._

b. Result _____    c. Date of decision: _____

d. Case number or citation of opinion, if known: _____

e. Issues raised:  (1) _____

(2) _____

(3) _____

f. Were you represented by counsel on appeal?  ☐ Yes.  ☐ No. If yes, state the attorney's name and address, if known:

_____

9. Did you seek review in the California Supreme Court?  ☐ Yes  ☐ No.  If yes, give the following information:

a. Result _See petition exhibit A._    b. Date of decision: _____

c. Case number or citation of opinion, if known: _____

d. Issues raised:  (1) _____

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

"_____

_____

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].)  Explain what administrative review you sought or explain why you did not seek such review:

"_____

_____

_____

_____

_____

_____

_____

_____

b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.
   *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction,     **MC–275**
commitment, or **issue** in any court? ☐ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a.  (1) Name of court:  See Petition  exhibit A.

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised: (a)  See  exhibit A.

       (b) _____

    (4) Result (Attach order or explain why unavailable):  See exhibit B,

    (5) Date of decision:  "

  b.  (1) Name of court:  "

    (2) Nature of proceeding:  "

    (3) Issues raised: (a)  "

       (b)  "

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision:  9/06/07.

  c.  *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
"

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)
"

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
This court has original jurisdiction.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 9-24-07           ▶ *Marlon Morris*
                                    (SIGNATURE OF PETITIONER)

Name    MARLON MORRIS

MC-275

Address    CSP-SACRAMENTO

P.O. Box 290066

Represa,  CA 95671-0066

CDC or ID Number  P-96526

CALIFORNIA COURT OF APPEAL

FIRST APPELLATE DISTRICT

(Court)

IN RE MARLON MORRIS

Petitioner

vs.

ON HABEAS COUPUS

Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No.

*(To be supplied by the Clerk of the Court)*

(Petitioner relies on P.C. § 1258)

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

This petition concerns:

☐ A conviction      ☐ Parole

☒ A sentence      ☐ Credits

☐ Jail or prison conditions      ☐ Prison discipline

☐ Other (specify): _____

Your name: MARLON MORRIS

Where are you incarcerated? CSP-SAC., P.O. Box 290066, Represa, CA 95671-0066

Why are you in custody? ☒ Criminal Conviction ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

See attached habeas petition form superior court, No. 5597 (2007) exhibit A.

_____ " _____

b. Penal or other code sections: _____

c. Name and location of sentencing or committing court: " _____

d. Case number: " _____

e. Date convicted or committed: " _____

f. Date sentenced: " _____

g. Length of sentence: " _____

h. When do you expect to be released? " _____

i. Were you represented by counsel in the trial court? ☐ Yes. ☐ No. If yes, state the attorney's name and address:
" _____

What was the LAST plea you entered? *(check one)*

☒ Not guilty ☐ Guilty ☐ Nolo Contendere ☐ Other: _____

If you pleaded not guilty, what kind of trial did you have?

☒ Jury ☐ Judge without a jury ☐ Submitted on transcript ☐ Awaiting trial

5. GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

PETITIONER CONTENDS THAT SUPERIOR COURT'S ORDER OF JULY 23, 2007, ERRED FOR NOT
STRIKING THE UPPER TERM SENTENCE AND RE-SENTENCE PETITIONER TO THE MID-TERM OF FIVE
YEARS.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach factual facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time (when) or place (where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

Petitioner believes that the superior court's decision is inconsistent with
law as defined in Cunningham vs. California, supra, 549 _____ U.S. _____ 2007 because
Cunningham's ruling was predicated upon Blakley v. Washington, 542 U.S. 296 (June
24th, 2004), and Apppendi v. New Jersey, 530 U.S. 466 (June 26, 2000). Thus,
because Cunningham, supra, relies on Blakley, supra, and because Blakley applies
the rule annouced in Apendi, supra, a prisoner whose conviction became final
after Appendi but before Blakley can still present a claim under Cunningham based
on the fact that Cunninham is "dictated" by Appendi, and therefore the Teague's
prohibition on "new" rules being applied on habeas corpus. Petitioner is entitled
to the relief requested in the attached petition, exhibit A, supra.

See copy of superior cpurt's order denying relief attached as exhibit B.

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

"

Ground 2 or Ground _____ (if applicable):

_____

_____

_____

_____

a.  Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b.  Supporting cases, rules, or other authority:

_____

_____

_____

_____

_____



8. Did you appeal from the conviction, sentence, or commitment?    [x] Yes.    [ ]    No.   If yes, give the following information:

  a.  Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
      See attached petition exhibit A

  b.  Result _____    c.   Date of decision: _____

  d.  Case number or citation of opinion, if known: _____

  e.  Issues raised:  (1) _____

      (2) _____

      (3) _____

  f.  Were you represented by counsel on appeal?    [x] Yes.    [ ]   No. If yes, state the attorney's name and address, if known:

      " _____

9. Did you seek review in the California Supreme Court?    [ ] Yes  [ ]   No.   If yes, give the following information:

  a.  Result _____    b.   Date of decision: _____

  c.  Case number or citation of opinion, if known: _____

  d.  Issues raised:  (1) _____

      (2) _____

      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
      This petition is predicated upon a recent U.S. Supreme Court ruling of

January 2007.

11. Administrative Review:

  a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].)  Explain what administrative review you sought or explain why you did not seek such review:

_____

_____

_____

_____

_____

_____

_____

_____

  b.  Did you seek the highest level of administrative review available?    [ ] Yes.    [ ]   No.
      *Attach documents that show you have exhausted your administrative remedies.*

PETITION FOR WRIT OF HABEAS CORPUS

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?  ☐ Yes. If yes, continue with number 13.    ☐ No. If no, skip to number 15.

13. a.  (1) Name of court:    See attached pet. exhibit A.

    (2) Nature of proceeding (for example, "habeas corpus petition"):

    (3) Issues raised: (a) _____ "

        (b) _____

    (4) Result (Attach order or explain why unavailable):

    (5) Date of decision: _____ "

    b.  (1) Name of court:

    (2) Nature of proceeding:

    (3) Issues raised: (a)

        (b)

    (4) Result (Attach order or explain why unavailable):

    (5) Date of decision:

    c.  For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
    N/A

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
    See petition attached as exhibit A.

16. Are you presently represented by counsel?  ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
    This is the appropriate court for redress.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date:    8-31-07                    ▶    _____
                                              (SIGNATURE OF PETITIONER)

PETITION FOR WRIT OF HABEAS CORPUS FROM SUPERIOR COURT
NO. 5597 <u>EXHIBIT A.</u>

MC-275

Name   MARLON MORRIS.

Address   CSP-SACRAMENTO

P.O. Box 290066

Represa, CA 95671-0066

CDC or ID Number   P-96526

## SUPERIOR COURT OF CALIFORNIA

### COUNTY OF SAN FRANCISCO
(Court)

MARLON MORRIS,

Petitioner

vs.

J. WALKER, Warden, et al.

Respondent

### PETITION FOR WRIT OF HABEAS CORPUS

No. _____

*(To be supplied by the Clerk of the Court)*

(Petitioner relies on P.C. § 1258)

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 at seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

This petition concerns:

☐ A conviction                    ☐ Parole

☒ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☐ Other (specify): _____

1. Your name: MARLON MORRIS

2. Where are you incarcerated? CSP-SAC., P.O. Box 290066, Represa, CA 95671-0066.

3. Why are you in custody?   ☒ Criminal Conviction   ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   Carjacking; Robbery; Use of Weapon, and one Prior Conviction For Robbery.

   (§§ 215, 212.5; 12022, subd. (b); 667 (a)(1),(d),(e); 1170.12, subd. (b),(c);

   1192.7, subd. (c),(19).

b. Penal or other code sections: _____

c. Name and location of sentencing or committing court: SUPERIOR COURT, COUNTY OF SAN FRANCISCO,

   SAN FRANCISCO, CA 94102.

d. Case number: 175064/843125.

e. Date convicted or committed: Oct. 6th, 2000.

f. Date sentenced: "

g. Length of sentence: 27 years and 4-months.

h. When do you expect to be released? _____

i. Were you represented by counsel in the trial court?   ☒ Yes.   ☐ No. If yes, state the attorney's name and address:

   JEFF BROWN, P.D.

   San Francisco, California.

4. What was the LAST plea you entered? *(check one)*

   ☒ Not guilty   ☐ Guilty   ☐ Nolo Contendere   ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☒ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four for additional grounds, make copies of page four and number the additional grounds in order.)*

PETITIONER CONTENDS THAT TRIAL COURT MUST STRIKE THE NINE YEARS TERM IMPOSED AT

SENTENCING AND RE-SENTENCE PETITIONER TO THE MID TERM OF FIVE YEARS BASED ON THE U.S.

SUPREME COURT HOLDING THAT CALIFORNIA'S DETERMINATE SENTENCING LAW (DSL) IS

UNCONSTITUTIONAL. Cunningham v. California, 549 U.S. ____ (2007).

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where).* *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

In the case at bar the trial court did not permit the jury to consider the

aggravating factors for the purpose of increasing the term beyond the medium term of

five years, the judge alone found aggravating factors after discharging the jury,

the court imposed the upper term of nine years after it determined aggravating

factors in this case. The Court: ("Therefore, for court one, the principal termcar-

jacking, a violation of Penal Code section 215 (a), nine years in State Prison.")

(R.T. 28:15-17). Attached hereto is copies of Reporter's Transcript pages 1,

26-32).

Petitioner believe he is entitled to relief based upon the ruling in

Cunningham v. California, supra, 549 U.S. ____ (2007).

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Cunningham v. California, 549 U.S. ____ (2007; Cal. Const. art. 1, § 7, and the

(Sixth and Fourteenth Amendments to the United States Constitution.)

PRAYER FOR RELIEF

Petitioner is without remedy save by writ of habeas corpus.

WHEREFORE, Petitioner prays the court:

1. issue a writ of habeas corpus or show cause as to why writ should not issue;

2. declare the rights of the parties;

3. void the current Abstract of Judgment and issue another Abstract of Judgment nunc pro tunc reflecting the term of five years;

4 order an evidentiary hearing;

5. appoint counsel to properly represent this claim, and

6. grant any other relief the court deem proper.

DATED: May 17 , 2007                    Respectfully submitted


                                        MARLON MORRIS
                                        Petitioner Pro Se

page 3.1

7. **Ground 2** or **Ground** _____ (*if applicable*):

_____

_____

_____

_____

a. Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b. Supporting cases, rules, or other authority:

_____

_____

_____

_____

_____

8. Did you appeal from the conviction, sentence, or commitment?    ☒ Yes.    ☐ No.    If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
COURT OF APPEAL, FIRST APPELLATE DIST.

b. Result: AFFIRMED.                                                      c.  Date of decision: _____

d.  Case number or citation of opinion, if known: A093099.

e.  Issues raised:   (1)  (See next page 5.1)

(2) _____

(3) _____

f.  Were you represented by counsel on appeal?    ☒ Yes.    ☐ No.   If yes, state the attorney's name and address, if known:

RENEE E. TORRES, Staff Attorney, State Bar No. 85328, 730 Harrison St., San Francisco,
CA 94107.

9. Did you seek review in the California Supreme Court?    ☐ Yes.    ☐ No.    If yes, give the following information:

a. Result: _____          b.  Date of decision: _____

c.  Case number or citation of opinion, if known: _____

d.  Issues raised:   (1) _____

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal,
explain why the claim was not made on appeal:
This habeas petition is predicated upon the recent U.S. Supreme Court ruling
in the case of California v. Cunningham v. California, 549 U.S. ____ (2007).

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust
administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See In re Muszalski (1975)
52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such
review:
N/A

_____

_____

_____

_____

_____

_____

_____

_____

b.  Did you seek the highest level of administrative review available?    ☐ Yes.    ☐ No.
Attach documents that show you have exhausted your administrative remedies.

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES .................................. ii

STATEMENT OF APPEALABILITY .......................... 1

STATEMENT OF THE CASE .............................. 2

STATEMENT OF FACTS ................................. 3

I.    THE TRIAL COURT COMMITTED REVERSIBLE ERROR AS
      TO THE CHANN ROBBERY AND DENIED APPELLANT HIS
      RIGHT TO PRESENT A DEFENSE WHEN IT REFUSED TO
      PERMIT HIM TO CALL TWO WITNESSES TO DISCREDIT
      INSPECTOR MALONEY'S TESTIMONY ABOUT MS.
      CHANN'S CHOICE OF APPELLANT'S PHOTO. .......... 13

      Factual Background ................................. 13

      The Trial Court's Ruling Was Error. ..................... 18

      The Error was Prejudicial and Requires Reversal of Count Two. . 25

II.   INSTRUCTING THE JURY PURSUANT TO CALJIC 17.41.1
      CONSTITUTED A DENIAL OF APPELLANT'S SIXTH
      AMENDMENT RIGHT TO TRIAL BY A FAIR AND
      IMPARTIAL JURY AND DENIED HIM THE RIGHT TO
      VERDICT BY A UNANIMOUS JURY .................... 29

CONCLUSION .......................................... 40

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court? ☐ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: _____

   (2) Nature of proceeding (for example, "habeas corpus petition"): _____

   (3) Issues raised: (a) _____

      (b) _____

   (4) Result *(Attach order or explain why unavailable)*: _____

   (5) Date of decision: _____

   b. (1) Name of court: _____

   (2) Nature of proceeding: _____

   (3) Issues raised: (a) _____

      (b) _____

   (4) Result *(Attach order or explain why unavailable)*: _____

   (5) Date of decision: _____

   c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)
   This petition is timely filed based upon the U.S. Supreme Court ruling the California DSL is unconstitutional. Decision came down January 2007.

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
   This Court has jurisdiction in this matter.

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: May 17'07                          ▶ Marlon Morris
                                            (SIGNATURE OF PETITIONER)

In re Marlon Morris, On Habeas Corpus
(Superior Court No. 175064/843125. (2000)

REPORTER'S TRANSCRIPT OF OCTOBER 6, 2000, SAN FRANCISCO COUNTY
EXHIBIT A.

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

DEPARTMENT NO. 27

---oOo---

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE CALIFORNIA, | ) ) ) | |
| PLAINTIFF, | ) ) | NO. SUP. 175064 CASE NO. 1842125 |
| VS. | ) ) ) | |
| MARLON A. MORRIS, | ) ) | |
| DEFENDANT. | ) ) | |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

OCTOBER 6, 2000

BEFORE HONORABLE RICHARD KRAMER, JUDGE

APPEARANCES OF COUNSEL:

    FOR THE PEOPLE:               TERRENCE HALLINAN
                                    DISTRICT ATTORNEY
                                    BY:  ROBERT GORDON
                                    ASSISTANT DISTRICT ATTORNEY

    FOR DEFENDANT:               JEFF F. BROWN
                                      PUBLIC DEFENDER
                                    BY:  FRANK BRASS
                                    DEPUTY PUBLIC DEFENDER

REPORTED BY:  ANN SOLIMAN MENDOZA
                   CSR NO. 6812

1    BATTERY WITH SERIOUS BODILY INJURY.  HE'S COMMITTING FELONY

2    ROBBERY SECOND DEGREE, MISDEMEANOR FORGERY, DRUNK WITH ALCOHOL,

3    DUI WITH ALCOHOL OR DRUGS, ALL THIS WHILE HIS CHILD IS BORN AND

4    EXISTS.  I THINK IT WOULD BE FOOLISHNESS FOR ME TO THINK THAT

5    BY MY ACT OF SOMEHOW SAYING TO MR. MORRIS, I'LL GIVE YOU A

6    CHANCE THAT THAT WOULD SOMEHOW SHAKE HIM INTO CHANGING HIS

7    WAYS.

8         WHEN THE PRESENCE OF THREE -- WHAT I CONSIDER TO BE

9    EXTREMELY SINCERE AND VERY KIND AND PATIENT PEOPLE IN HIS LIFE

10   PLUS THE BIRTH OF HIS CHILD HAD NO AFFECT ON HIM.  I HAVE TO

11   CONCLUDE FROM THAT THAT DESPITE, I THINK, THE SINCERITY OF THE

12   THREE WOMEN WHO CAME TO DESCRIBE A DIFFERENT MR. MORRIS TO ME,

13   THE MR. MORRIS THAT I'M DEALING WITH IS NOT CAPABLE OF CHANGING

14   HIS WAYS.  IF YOUR BABY CAN'T DO IT, I CAN'T DO IT.

15        DEFENSE COUNSEL ALSO ARGUED THAT THE PEOPLE ARE TO BLAME

16   FOR THIS SITUATION BECAUSE THE PEOPLE TOOK A HARD-NOSED

17   POSITION IN NEGOTIATIONS HERE AND INVOKED THEIR ABSOLUTE RIGHT

18   TO REFUSE TO PLEA BARGAIN AND INSTEAD INSISTED ON A SUBSTANTIAL

19   PRISON TERM.  I CAN'T FAULT THE PEOPLE FOR THAT.  THEY'RE

20   CHARGED WITH THAT RESPONSIBILITY.

21        MR. BRASS:  THE MAXIMUM PRISON TERM.

22        THE COURT:  MAXIMUM PRISON TERM.  THEY ARE STILL CHARGED

23   WITH THE RESPONSIBILITY OF DOING WHAT THEY THINK IS RIGHT.  I

24   CAN'T SAY ANY CASE THAT RESULTS IN A CONVICTION IS THE FAULT OF

25   THE PEOPLE FOR NOT SETTLING THE CASE.  THEREFORE, I HAVE

26   THOUGHT LONG AND HARD ABOUT THIS CASE.  I AM SELECTING AS THE

27   PRINCIPAL TERM, COUNT ONE CARJACKING A VIOLATION OF PENAL CODE

28   SECTION 215(A), WHICH THE DEFENDANT WAS FOUND QUILTY OF ON

```
1    MARCH 3RD -- MARCH 14TH, THE YEAR 2000.  THAT'S THE PRINCIPAL

2    TERM.   THAT IS THREE, FIVE, OR NINE YEARS IN PRISON -- THREE,

3    FIVE, OR NINE.

4         IN DECIDING TO IMPOSE, THE MITIGATED, MID TERM,

5    AGGRAVATED TERM, I AM TO CONSIDER THE NATURE OF THE CRIME AND

6    NATURE OF THE DEFENDANT.

7         I FIND THAT THERE ARE CONCEPTUALLY SOME CIRCUMSTANCES IN

8    MITIGATION.  I DO SYMPATHIZE WITH THE DEFENDANT'S PROBLEMS IN

9    HIS UP BRINGING.  I AM MINDFUL OF THE FACT THAT DRUGS CAN MAKE

10   PEOPLE DO THINGS THAT THEY MIGHT NOT OTHERWISE BE DISPOSED TO

11   DOING.  BUT MR. MORRIS CAN'T RELY ON THAT EXCUSE FOREVER.  AND

12   AS I SAID, IF THE BIRTH OF A CHILD CAN'T SHAKE YOU OUT OF A BAD

13   CHILDHOOD AND A DRUG PROBLEM, THEN I THINK THERE'S NO LONGER A

14   CIRCUMSTANCE IN MITIGATION, RATHER A FACT OF YOUR LIFE.

15        ON THE OTHER HAND, THERE ARE SUBSTANTIAL CIRCUMSTANCES

16   IN AGGRAVATION.  THE DEFENDANT HAS A LENGTHY CRIMINAL RECORD OF

17   INCREASING VIOLENCE, CULMINATING IN THREE, WHAT I CONSIDER TO

18   BE, VERY SERIOUS CRIMES IN THIS CASE.  ALL OF WHICH SEEM

19   PARTICULARLY VIOLENT TO ME.  I DON'T AGREE THAT ANYBODY WHO'S

20   BEEN CARJACKED RECOVERS QUICKLY BECAUSE THE CARJACKER WAS NOT

21   IN HIS PRESENCE FOR VERY LONG.  I CERTAINLY DO NOT BELIEVE THAT

22   A WOMAN ON HER WAY TO CHURCH, WHO WAS ACCOSTED WITH A KNIFE HAS

23   HER PURSE TAKEN, RECOVERS QUICKLY SIMPLY BECAUSE SHE HASN'T

24   BEEN CUT.

25        AND I DON'T BELIEVE THAT A WOMAN WHO'S PURSE WAS TAKEN,

26   WHO HAS THE BRAVERY OR FOOLISHNESS TO JUMP OUT TO BE CHASED BY

27   A PERPETRATOR AND BE DRAGGED BY A CAR RECOVERS QUICKLY, SIMPLY

28   BECAUSE SHE WAS FORTUNATE ENOUGH NOT TO SUFFER SERIOUS
```

1  INJURIES.  I THINK ALL THREE OF THOSE ARE VERY SERIOUS CRIMES,

2  WHICH ARE COMMITTED AT RANDOM AGAINST CITIZENS WHO HAD AN

3  ABSOLUTE RIGHT TO EXPECT THAT WHERE THEY WERE WOULD BE SAFE.

4         THIS ISN'T SOMEBODY WANDERING LATE A NIGHT IN THE

5  TENDERLOIN WHO GETS ROBBED.  THIS ISN'T SOMEBODY HANGING AROUND

6  TO WATCH DRUG SALES AND GETS HIT ON HER HEAD.  THIS IS SOMEBODY

7  WALKING OUT OF HER HOUSE, SOMEBODY GOING TO CHURCH, SOMEBODY

8  WAITING FOR HIS WIFE TO COME TO A PARKING LOT RIGHT AFTER WORK,

9  RIGHT IN THE VERY BUSY PART OF SAN FRANCISCO.  THIS IS EXACTLY

10 THE TYPE OF CRIME THAT MAKES CITIZENS AFRAID TO LEAD THE NORMAL

11 LIVES THEY'RE ENTITLED TO LEAD.  I THINK THE NATURE OF THE

12 CRIMES ARE PARTICULARLY SERIOUS HERE AND PARTICULARLY VIOLENT

13 HERE.  AND THEREFORE, THE CIRCUMSTANCES IN AGGRAVATION ARE

14 SUFFICIENT TO IMPOSE THE AGGRAVATED TERM.

15         THEREFORE, FOR COUNT ONE, THE PRINCIPAL TERM CARJACKING,

16 A VIOLATION OF PENAL CODE SECTION 215(A), NINE YEARS IN STATE

17 PRISON.  THE AGGRAVATED TERM'S FOR THE REASONS I STATED,

18 DOUBLED AS A STRIKE UNDER PENAL CODE SECTION 667(E) 18 YEARS IN

19 STATE PRISON.  COUNT TWO, ROBBERY, A VIOLATION OF PENAL CODE

20 SECTION 212.5 MID TERM OF THREE YEARS IS ONE-THIRD THE MID

21 TERM, PLUS ONE-THIRD THE ENHANCEMENT OF THE USE OF A KNIFE

22 UNDER PENAL CODE SECTION 12022(B)(1), WHICH THEN BECOMES ONE

23 YEAR STATE PRISON FOR THE ROBBERY, FOUR MONTHS STATE PRISON FOR

24 THE KNIFE CONSECUTIVE.  COUNT THREE ROBBERY, A VIOLATION OF

25 PENAL CODE SECTION 212, ONE-THIRD THE MID TERM, WHICH IS ONE

26 YEAR, THE SENTENCE AND THE ENHANCEMENT ON COUNT TWO IS DOUBLED

27 UNDER PENAL CODE SECTION 667(E) AS IS THE SENTENCE ON COUNT 3

28 FOR THE PRIOR PRISON TERM.  WHAT'S THE CODE SECTION, I WROTE IT

1    DOWN?

2            MR. GORDON:   667(A).

3            THE COURT:   667(A) MANDATORY FIVE YEARS CONSECUTIVE

4    STATE PRISON.

5            MR. GORDON:   JUDGE, I THINK THERE'S ONE FACTUAL ERROR IF

6    I MAY.   THE ENHANCEMENT OF FOUR MONTHS SHOULDN'T BE DOUBLED.

7            THE COURT:   I ASKED YOU TO TAKE A LOOK AT THAT.

8            MR. GORDON:   I ANSWERED THE QUESTION IN THE SUCCESSOR

9    BRIEF THAT YOU HAVE FILE STAMPED OCTOBER 3.   ON THE VERY FIRST

10   PAGE, I TALK ABOUT THE ENHANCEMENT OF THE KNIFE IS LIMITED TO

11   ONE-THIRD THE TERM THEREOF, AND THAT FIGURE IS NOT TO BE

12   DOUBLED.   THE CASE LAW IS SET OUT.   I'M SURE COUNSEL DOESN'T

13   DISAGREE.

14           THE COURT:   THANK YOU.

15           TOTAL TERM IS 27 YEARS, FOUR MONTHS STATE PRISON, $600

16   TO THE VICTIM'S INDEMNITY FUND.   $600 PAROLE REVOCATION FINE,

17   WHICH UNDER PENAL CODE SECTION 1202.45 I HEREBY STAY.

18   DEFENDANT SHALL RECEIVE CREDIT FOR 564 DAYS ACTUAL TIME SPENT

19   IN CUSTODY, PLUS 84 DAYS SAGE CREDIT, WHICH IS CALCULATED AT 15

20   PERCENT OF THE 564 FOR A TOTAL OF 648 DAYS.

21           MR. BRASS:   WHAT WAS THE SAGE AGAIN, YOUR HONOR?

22           THE COURT:   84.

23           MR. BRASS:   I HAVE 574 FROM 3-13-99 TO 10-6.

24           THE COURT:   GO OFF THE RECORD.

25                   (DISCUSSION OFF THE RECORD.)

26           THE COURT:   IT TURNS OUT THE PRESENTENCE REPORT APPEARS

27   WRONG.   IT HAS HIM ARRESTED ON THE 23RD OF MARCH, 1999.   PEOPLE

28   SAY HE WAS ARRESTED ON THE 14TH; IS THAT RIGHT?

| | |
|---|---|
| 1 | MR. GORDON:  LET ME CHECK THAT VERY QUICKLY PLEASE. |
| 2 | HE WAS, IN FACT, ARRESTED BY OFFICER THOMAS HORAN |
| 3 | (PHONETIC), 23 MARCH.  THE LAST INCIDENT WAS ON 14 MARCH.  THE |
| 4 | ARREST OVER IN THE ALLEY IN THE CAR WAS 23. |
| 5 | THE COURT:  MY CALCULATION IS CORRECT.  564 DAYS ACTUAL. |
| 6 | 84 SAGE, TOTAL OF 648.  AS FAR AS THE SENTENCE IS CONCERNED, |
| 7 | HAVE I GOT EVERYTHING IN THE SENTENCE?  IS THAT RIGHT, COUNSEL? |
| 8 | MR. GORDON:  I THINK THE SENTENCE IS ACCURATE.  WE JUST |
| 9 | NEED APPELLATE RIGHTS. |
| 10 | THE COURT:  AND PAROLE RIGHTS.  DID I GET EVERYTHING TO |
| 11 | FILL IN ALL THE BLANKS ON YOUR FORM? |
| 12 | THE CLERK:  I THINK I LOST IT SOMEWHERE.  I ONLY HAVE 25 |
| 13 | YEARS. |
| 14 | THE COURT:  COUNT ONE IS NINE YEARS, TIMES TWO.  COUNT |
| 15 | TWO IS ONE-THIRD THE MID TERM, WHICH IS ONE-THIRD DOUBLED, |
| 16 | WHICH IS TWO YEARS, PLUS FOUR MONTHS FOR THE KNIFE.  COUNT 3 IS |
| 17 | ONE-THIRD THE MID TERM DOUBLED, WHICH IS TWO MORE YEARS, AND |
| 18 | THEN THE 667(A), FIVE-YEAR MANDATORY ENHANCEMENT IS FIVE YEARS. |
| 19 | NOW, WHAT DO YOU GET? |
| 20 | MR. BRASS:  WE HAVE A QUESTION?  MR. MORRIS HAD A |
| 21 | QUESTION?  AND HE MAKES A GOOD LEGAL POINT.  THE FIVE YEAR |
| 22 | ENHANCEMENT, PLUS USING IT AS A STRIKE? |
| 23 | THE COURT:  IS THE LAW. |
| 24 | MR. BRASS:  OBVIOUSLY, THE COURT HAS ALREADY MADE UP |
| 25 | IT'S MIND.  WE WOULD LIKE THAT NOTED FOR THE RECORD. |
| 26 | THE COURT:  HE MAY VERY WELL HAVE APPELLATE POINT.  AS |
| 27 | THE LAW SITS RIGHT NOW, THAT IS THE LAW. |
| 28 | MR. BRASS:  IF WE COULD OBJECT THEN TO PERFECT THAT FOR |

```
1   THE RECORD.  WE WILL BE FILING AN APPEAL.

2         THE COURT:  AT THE EXPIRATION OF YOUR PERIOD OF

3   INCARCERATION, YOU WILL BE PLACED ON PAROLE FOR A PERIOD NOT TO

4   EXCEED 48 MONTHS, UNLESS WAIVED FOR GOOD CAUSE BY THE BOARD OF

5   PRISON TERMS.  IF YOU VIOLATE ANY PROVISION OF YOUR PAROLE

6   GRANT, YOUR PAROLE MAY BE REVOKED.  YOU COULD BE INCARCERATED

7   FOR A PERIOD NOT TO EXCEED 12 MONTHS IN EACH INSTANCE OF

8   REVOCATION.  THE TOTAL TIME SPENT IN CUSTODY DUE TO THE

9   REVOCATION OF PAROLE AND LIMIT OF PAROLE ITSELF MAY NOT EXCEED

10  48 MONTHS.

11        SIR, DO YOU UNDERSTAND WHAT I JUST EXPLAINED?

12        THE WITNESS:  YES, YOUR HONOR.

13        THE COURT:  IT IS NOW MY DUTY TO ADVISE YOU OF YOUR

14  APPEAL RIGHTS.  YOU HAVE AN ABSOLUTE RIGHT TO APPEAL FROM THE

15  JUDGMENT OF THIS COURT IN IMPOSING SENTENCE ON YOU TODAY.  THIS

16  MEANS, IF YOU WISH TO APPEAL, YOU MUST FILE A WRITTEN NOTICE OF

17  YOUR INTENTION TO APPEAL WITHIN 60 DAYS OF TODAY.  THE NOTICE

18  MUST BE IN WRITING AND SIGNED BY YOU OR YOUR ATTORNEY OR BOTH

19  OF YOU.  IT MUST SPECIFY WHAT IT IS YOU'RE APPEALING FROM,

20  WHETHER IT IS THE WHOLE JUDGMENT OR ONLY PART OF IT.

21        IF YOU DO APPEAL, YOU WILL HAVE THE RIGHT TO A COMPLETE

22  TRANSCIPT OF THE TRIAL COURT PROCEEDINGS BY LAW, WITHOUT ANY

23  COST TO YOU.  IF YOU APPEAL AND CANNOT AFFORD AN ATTORNEY TO

24  REPRESENT YOU, THE APPELLATE AUTHORITIES WILL APPOINT ONE FOR

25  YOU.  IT IS YOUR OBLIGATION TO KEEP THE APPELLATE AUTHORITIES

26  INFORMED AT ALL TIMES OF YOUR CURRENT MAILING ADDRESS, SO THAT

27  THEY CAN BE IN TOUCH WITH YOU ABOUT YOUR APPOINTED COUNSEL.

28  SIR, DO YOU UNDERSTAND WHAT I JUST EXPLAINED TO YOU?
```

1        THE DEFENDANT:   YES, YOUR HONOR.

2        THE COURT:   ANYTHING FURTHER?

3        MR. BRASS:   NO.

4        THE COURT:   MR. MORRIS, I TRULY WISH YOU GOOD LUCK.   I

5   THOUGHT A LOT ABOUT THIS CASE.   AND AS I SAID, I WISH YOUR LIFE

6   HAD BEEN DIFFERENT FOR ALL OF THOSE FINE PEOPLE WHO ARE AROUND

7   YOU, FOR ALL THOSE FINE PEOPLE WHO YOU PUT YOURSELF AROUND AND

8   COMMITTED CRIME AGAINST.   GOOD LUCK TO YOU, SIR.   THANK YOU.

9        (WHEREUPON, THE COURT WAS ADJOURNED.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, MARLON MORRIS _____, am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is: P-96526

CSP-SACRAMENTO

P.O. Box 290066
Represa, CA 95671-0066

On, May 17 , 2007 , I served the following documents:

PETITION FOR WRIT OF HABES CORPUS TO OFFICE OF THE CLERK OF THE SAN FRANCISCO COUNTY SUPERIOC COURT. REQUESTING RESENTENCING UNDER Cunningham v. California, 549 U.S. (2007).

on the below named individual(s) by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

1. OFFICE OF THE CLERK                    2. _____
   SUPERIOR COURT                            _____
   400 McAllister St.                        _____
   San Francisco, CA 94102                   _____
   _____                      _____

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this 17ᵗʰ day of MAT , 2007 , at California State Prison - Sacramento, Represa, California.

(Signature) Marlon Mllic

MARLON MORRIS
P-96526, CSP-SACRAMENTO
P.O. Box 290066
Represa, CA 95671-0066

May 17, 2007

OFFICE OF THE CLERK
Superior Court
400 McAllister Street
San Francisco, CA 94102

Dear Clerk:

    Enclosed are one original copy of my petition for writ of habeas corpus
with a one copy of the cover sheet of the petition . Please endorse the cover
sheet and return it to me for my file.  I have enclosed one SASE for you
to return my copy.

    I thank you in advance for your assistance.

                    Sincerely,

                    MARLON MORRIS
                    Petitioner Pro Se

COPY OF ORDER FROM SUPERIOR COURT OF JULY 23, 2007
NO. 5597 <u>exhibit B</u>.

1

ENDORSED
F I L E D
San Francisco County Superior Court

JUL 2 3 2007

GORDON PARK-LI, Clerk
BY: _____ CARLOS BARRAZA
Deputy Clerk

2

3

4

5

6

7

8

9      SUPERIOR COURT OF THE STATE OF CALIFORNIA
            FOR THE CITY AND COUNTY OF SAN FRANCISCO

10                    Department No. 22

11

12  IN THE MATTER OF THE APPLICATION    )
    OF                                  )
13                                      )     WRIT NO. 5597
                                        )
14  MARLON MORRIS                       )     ORDER
                                        )
15           Petitioner,                )
                                        )
16  FOR A WRIT OF HABEAS CORPUS         )
                                        )
17  _____)'

18      On May 25, 2007 this Court received a petition for writ of
19  habeas corpus ("Petition") from Marlon Morris ("Petitioner").

20      On October 6, 2000, a jury convicted Petitioner of one count
    of carjacking [Penal Code section 215] and two counts of second-
21  degree robbery [Penal Code section 212.5].  The jury also found
    true, with respect to one of the robbery counts, an enhancement
22  pursuant to Penal Code section 12022(b) and allegations of a prior
    conviction for robbery [Penal Code sections 667(a)(1), (d), (e);
23  1170.12(b)(c) and 667.5(b)].  The court sentenced Petitioner to
    prison for a total term of 27 years and four months.  On September
24  9, 2002, the First District Court of Appeal affirmed the
    conviction.  On November 11, 2002, the California Supreme Court

25

                                1

1  denied review.

2      Petitioner asks the Court to modify his sentence in accordance
   with *Cunningham v. California* (Jan. 22, 2007) 127 S.Ct. 856, __
3  U.S. __.  In *Apprendi v. New Jersey* (2000) 530 U.S. 466, 489-90,
   the Supreme Court held that any fact that increases the penalty for
4  a crime beyond the prescribed statutory maximum must be submitted
   to a jury and proved beyond a reasonable doubt.  In *Blakely v.*
5  *Washington* (2004) 542 U.S. 296, 303, the Supreme Court explained
   that "the statutory maximum for *Apprendi* purposes is the maximum
6  sentence a judge may impose solely on the basis of the facts
   reflected in the jury verdict or admitted by the defendant."   (542
7  U.S. at 303.)  Most recently, in *Cunningham*, the Supreme Court –
   citing *Apprendi* and *Blakely* – held that California's Determinate
8  Sentencing Law violates a defendant's right to a jury trial to the
   extent it permits a trial court to impose an upper term based on
9  facts found by the court rather than by a jury.

10

11      Petitioner's reliance on *Cunningham* is unavailing because his
   conviction was final before *Blakely* was announced.   (Petition at
12 5:10.)  California courts have held that the rule announced in
   *Blakely* is not retroactive and does not apply to cases that were
13 final when *Blakely* was announced.  (*See, e.g., People v. Amons*
   (2005) 125 Cal.App.4th 855, 864 [*Blakely* did not apply
14 retroactively to defendant's upper term sentencing that was already
   final when decision was issued]; *In re Consiglio* (2005) 128
15 Cal.App.4th 511, 514 [same; citing *Amons*].)   Because Petitioner's
   conviction became final before *Blakely* and because the decision in
16 *Cunningham* depended on the rule announced in *Blakely,* this Court
   finds that *Cunningham* does not apply retroactively to Petitioner's
17 conviction.

18      For the foregoing reasons, the Petition is DENIED.

19

20 _____          _____
   Date                              Judge of the Superior Court

21

22

23

24

25

# PROOF OF SERVICE

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, ___MARLON MORRIS_____, am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is: P-P-96526

CSP-SACRAMENTO

P.O. Box 290066

Represa, CA 95671-0066

On, _____ 2007_____, I served the following documents:

PETITION FOR WRIT OF HABEAS CORPUS, FOR REVIEW OF THE LOWER COURT'S

DECISION.

on the below named individual(s) by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

OFFICE OF THE CLERK

1. California Court of Appeal
   First Appellate
   350 McAllister Street

   San Francisco, CA 94102

2. _____

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this _____ day of _____, 2007___, at California State Prison - Sacramento, Represa, California.

(Signature) _____

In re MARLON MORRIS, On Habeas Corpus NOS. (super. ct. No. 178974, Court of Appeal #A118974.

ORDER FROM COURT OF APPEAL OF SEPTEMBER 6th, 2007,
EXHIBIT B.

A118974

Marlon Morris
CDC:P-96526
CSP Sacramento
P.O. Box 290066
Represa, CA 95671-0066

## NOTICE

*Please include both the appellate case number and the division number on any written communication or filing submitted to this court.*

**Our website address is
http://appellatecases.courtinfo.ca.gov**

pet

orcc1a

COURT OF APPEAL, FIRST APPELLATE DISTRICT
350 MCALLISTER STREET
SAN FRANCISCO, CA 94102
DIVISION 1



FILED
COURT OF APPEAL FIRST APPELLATE DISTRICT

**SEP 0 6 2007**

DIANA HERBERT, CLERK

BY_____ DEPUTY CLERK

In re MARLON MORRIS on Habeas Corpus.

A118974
San Francisco County No. 175064

BY THE COURT:

     The petition for writ of habeas corpus is denied.

The justices participating in this matter were:

Acting Presiding Justice Stein and Justice Swager

Date:    SEP -   2007             **STEIN, J.**     Acting P.J.

orcc1a

# PROOF OF SERVICE

## (C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, _MARLON MORRIS_____, am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is:

P-96526

CSP-SACRAMENTO

P.O. Box 290066

Represa, CA 95671-0066

On, __9-24_____ 2007____, I served the following documents:

PETITION FOR WRIT OF HABEAS CORPUS.

on the below named individual(s) by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

1. OFFICE OF THE CLERK

Supreme Court

~~State of California~~

350 McAllister Street

San Francisco, CA 94102

2. _____

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this _24th_ day of _September_, _2007___, at California State Prison - Sacramento, Represa, California.

(Signature) _Marlon Mor___

# PROOF OF SERVICE

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, _Marlon Morris_, am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is: _P 96526_

_CSP-SACRAMENTO_
_P.O. Box 290066_
_Represa, CA 95671-0066_

On, _____ 2008 _, I served the following documents:

_Petition For Writ of Habeas Corpus_
_Morris v. Walker, Warden, et al._

on the below named individual(s) by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

1. _OFFICE OF THE CLERK_          2. _____
_U.S. District Court_                _____
_N.D. California_                    _____
_450 Golden Gate Ave._               _____
_San Francisco, CA 94102_            _____

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this _9th_ day of _April_ , _2008_ , at California State Prison - Sacramento, Represa, California.

(Signature) _Marlon Morris_

MARLON MORRIS K-46582
C.S.P. - SACRAMENTO - C-4-116
P.O. Box 290066
REPRESA, CA
95671-0066



Office of the Clerk
U.S. District Court
Northern District Californ
450 Golden Gate Ave
San Francisco, CA
94102