UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARLON MORRIS,

    Petitioner,

vs.

J. WALKER, Warden,

    Respondent.
_____/

No. C 08-2005 PJH (PR)

**ORDER TO SHOW CAUSE**

Petitioner, a California prisoner currently incarcerated at California State Prison-Sacramento, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

Venue is proper because the conviction was obtained in San Francisco County, which is in this district. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

In 2000 a San Francisco jury convicted petitioner of one count of carjacking and two counts of second degree robbery with use of a weapon. He was sentenced to prison for twenty-seven years and four months. His state habeas petitions raising the present claim were denied.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet

heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.   Legal Claims**

As grounds for federal habeas relief, petitioner asserts that the trial court's imposition of an upper term based on facts not tried to the jury and found beyond a reasonable doubt violated his Sixth Amendment rights as established in *Apprendi v. New Jersey*, 530 U.S. 466, 488-90 (2000), *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004), and *Cunningham v. California*, 127 S. Ct. 856, 871 (2007). The claim is sufficient to require a response.

**CONCLUSION**

1.  Because petitioner has paid the filing fee, his application for leave to proceed in forma pauperis (document number 2 on the docket) is **DENIED** as moot.

2.  The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3.  Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all

portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:  April 28, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.08\MORRIS2005.OSC.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MARLON MORRIS,

         Petitioner,

  v.

J WALKER,

         Respondent.
                                     /

Case Number: CV08-02005 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 28, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Marlon Morris P-96526
CSP-Sacramento
C-4-116
P.O. Box 290066
Represa, CA 95671-0066

Dated: April 28, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk